[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hitchcock,* Slip Opinion No. 2019-Ohio-3246.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3246

THE STATE OF OHIO, APPELLEE, *v.* HITCHCOCK, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hitchcock,* Slip Opinion No. 2019-Ohio-3246.]**

*Criminal law—Sentencing—Trial court lacked authority to order, as part of community-control sentence, that defendant be placed in community-based correctional facility after completing separate prison term—Court of appeals' judgment reversed and cause remanded for resentencing.*

(No. 2018-0012—Submitted February 20, 2019—Decided August 15, 2019.)

CERTIFIED by the Court of Appeals for Fairfield County, No. 16-CA-41, 2017-Ohio-8255.

_____

**FISCHER, J.**

{¶ 1} In this case, we are tasked with answering the certified-conflict question whether a trial court may impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count. We answer that question in the negative and conclude that unless

otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

## I. Factual and Procedural Background

{¶ 2} In 2016, appellant, Jeffery A. Hitchcock, was charged with four third-degree felony counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3) and one first-degree misdemeanor count of endangering children in violation of R.C. 2919.22(A) and (E)(2)(a). Each of the felony counts alleged identical conduct: that Hitchcock engaged in sexual conduct with a particular minor.

{¶ 3} Appellee, the state of Ohio, and Hitchcock reached a plea agreement in which Hitchcock agreed to plead guilty to three of the counts of unlawful sexual conduct with a minor (Counts One, Two, and Three) and the state agreed to move to dismiss the remaining count of unlawful sexual conduct with a minor (Count Four) and the count of endangering children (Count Five). The trial court accepted Hitchcock's pleas, found him guilty of Counts One, Two, and Three, and dismissed the remaining counts.

{¶ 4} The trial court found that the offenses occurred on different dates and that the offenses were not allied offenses of similar import and did not merge for purposes of sentencing. The court found it necessary that Hitchcock serve a significant amount of time in prison to impress upon him the severity of his actions and to deter him and others from engaging in similar conduct in the future. The court also found it important that Hitchcock be in a position to work toward rehabilitation.

{¶ 5} On both Count One and Count Two, the court ordered Hitchcock to serve a five-year prison term, with each term to run consecutively to the other. On Count Three, the court ordered Hitchcock to serve a five-year term of community control. The court ordered this community-control term to be served consecutively

to the prison terms imposed on Counts One and Two. It reserved the authority to order Hitchcock to serve an additional, consecutive five-year prison term should he violate any of the terms or conditions of his community control. Pursuant to the community-control terms imposed by the court, Hitchcock was to be assessed for potential placement in a community-based correctional facility ("CBCF") for purposes of sex-offender treatment, and the court also ordered him to pay restitution. The community-control terms also included a number of nonresidential sanctions, including outpatient mental-health and substance-abuse counseling, intensive supervised probation, GPS monitoring, a no-contact order, and random house checks.

{¶ 6} Hitchcock appealed his sentence, arguing in part that the trial court erred in requiring him to serve a term of community control consecutively to the prison terms that it imposed. The Fifth District Court of Appeals affirmed. The court first noted that Ohio's courts of appeals are split on the issue whether a trial court may require that a term of community-control sanctions imposed on one felony count be served consecutively to a prison term imposed on another felony count. The Fifth District concluded that a trial court may do so, reasoning that R.C. 2929.13(A) provides trial courts broad authority to impose " 'any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code,' " 2017-Ohio-8255, ¶ 19. The court also emphasized R.C. 2929.11(A)'s directive that trial courts use the minimum sanctions that they determine are necessary to accomplish the purposes of felony sentencing without imposing an unnecessary burden on state- or local-government resources. *Id.* at ¶ 20-21.

{¶ 7} The Fifth District certified that its judgment was in conflict with both the judgment of the Eighth District Court of Appeals in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), and the judgment of the Twelfth District Court of Appeals in *State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1 (12th Dist.). The

court certified the conflict issue as "[w]hether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count."

{¶ 8} We determined that a conflict exists, accepted the appeal, and held the case for our decision in *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, in which we held that the trial court lacked statutory authority to impose a CBCF term as a community-control sanction to be served consecutively to a prison term imposed on a separate offense, *id*. at ¶ 13. 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. After we announced our decision in *Paige*, we lifted the stay on this case and ordered briefing. 152 Ohio St.3d 1439, 2018-Ohio-1600, 96 N.E.3d 296.

## II. Analysis

{¶ 9} Hitchcock argues that trial courts may impose only sentences authorized by statute and that they may not impose a particular sentence without express authority to do so. Because the Revised Code does not contain an express grant of authority to order the imposition of nonresidential community-control sanctions to be served consecutively to a prison term, Hitchcock contends, a trial court may not impose such a sentence. Hitchcock further argues that pursuant to this court's decision in *Paige*, the trial court lacked the authority to order that he be assessed for possible placement in a CBCF following his completion of his prison terms.

{¶ 10} The state responds that Hitchcock's sentence is entirely proper and lawful. It notes the broad sentencing discretion granted trial courts under R.C. 2929.13(A) and the lack of statutory authority prohibiting trial courts from imposing a community-control sanction for one felony to be served consecutively to a prison term for another felony. In addition, the state argues that the trial court properly ordered Hitchcock to be assessed for possible placement in a CBCF following completion of his prison terms. In making this argument, the state asserts

that this case is distinguishable from *Paige* because here, the trial court made the findings that R.C. 2929.14(C)(4)(b) and (c) require a trial court to make before imposing consecutive prison terms.

  A. *Pursuant to* Paige*, a trial court lacks authority to order that a defendant be assessed for potential placement in a CBCF following completion of a prison term*

    {¶ 11} Before considering the certified-conflict question, we first address the effect of *Paige* on this case. In *Paige*, we held that unless a statutory exception listed in R.C. 2929.41(A) applies to permit a CBCF term to run consecutively to a prison term, a trial court has no authority to order, as part of a community-control sentence, that a defendant be placed in a CBCF after completing a prison term imposed for another offense in that case. 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, at ¶ 13. Because vacating the improperly imposed CBCF term in *Paige* would not disturb the remainder of the validly imposed community-control sentence, we determined that the proper remedy in that case was to vacate only the improperly imposed residential sanction. *Id.* at ¶ 14.

    {¶ 12} As in *Paige*, none of the statutory exceptions listed in R.C. 2929.41(A) apply in this case. The state argues that because the trial court in this case made the findings required by R.C. 2929.14(C)(4)(b) and (c) before imposing consecutive prison terms, this case is distinguishable from *Paige*. However, R.C. 2929.14(C)(4) does not permit the consecutive terms imposed in this case. That statute permits a trial court to require an offender to serve multiple "prison terms" consecutively if the court makes certain findings. *Id.* R.C. 2929.41(A) delineates three different types of incarceration: (1) a "prison term"; (2) a "jail term"; and (3) a "sentence of imprisonment." Placement in a CBCF is not a prison term but, rather, a "sentence of imprisonment," as this court explained in *Paige*: "Pursuant to R.C. 1.05(A), 'imprisonment' includes a term in a CBCF. Thus, a term of confinement in a CBCF is a 'sentence of imprisonment' under R.C. 2929.41(A)." *Id.* at ¶ 12. This statement from *Paige* is confirmed by R.C. 2929.01(E), which specifies that a

community-control sanction, such as a CBCF term, imposed pursuant to R.C. 2929.16 is a "sanction that *is not a prison term*." (Emphasis added.) Because a term of confinement in a CBCF is not a prison term, R.C. 2929.14(C)(4) does not permit a court to impose a CBCF term consecutively to a prison term.

{¶ 13} Pursuant to *Paige*, the trial court in this case had no authority to order, as part of a community-control sentence, that Hitchcock be placed in a CBCF after completing a separate prison term. Although the court in this case ordered that Hitchcock be assessed for potential placement in a CBCF (rather than order him to be placed in a CBCF, as the trial court did in *Paige*), the fact remains that there is no statutory basis for placing Hitchcock in a CBCF after his prison term is completed.

*B. Unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count*

{¶ 14} We now turn to the certified-conflict question: whether a trial court may impose community-control sanctions on one felony count to be served consecutively to a prison term on another felony count.

{¶ 15} In considering this question, it is helpful to review the relevant aspects of Ohio's sentencing process. In Ohio, a court sentencing a defendant on multiple felony counts must initially determine the limits of its discretion. Some felonies involve mandatory prison terms or a specification that removes sentencing discretion from the trial court. R.C. 2929.14(B).

{¶ 16} When sentencing a defendant on other felonies, such as the third-degree felonies at issue in this case, the trial court has discretion to impose either a prison term under R.C. 2929.14 or community-control sanctions under R.C. 2929.15. In making this determination, the trial court is sometimes guided by statutory presumptions or preferences affixed to certain felony levels. R.C. 2929.13. The applicable statute might apply to the relevant felony either a

6

rebuttable presumption of a prison term, R.C. 2929.13(D), or a preference for community-control sanctions, R.C. 2929.13(B), or the statute might be neutral—without a presumption or preference either way, R.C. 2929.13(C).

{¶ 17} In exercising its discretion to impose either a prison term or community-control sanctions for an offense, the trial court must consider the overriding purposes of felony sentencing under R.C. 2929.11 and the aggravating and mitigating factors enumerated in R.C. 2929.12.

{¶ 18} As this court has previously stated, in Ohio, judges have no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 12.

{¶ 19} In *Anderson*, we explained that in 1995, the General Assembly fundamentally altered Ohio's criminal sentencing system by enacting a comprehensive sentencing scheme in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2"). *Id.* at ¶ 14. With this in mind, we clarified that because the parameters of sentencing are established by the legislature, Ohio courts may impose only sentences that are *authorized* by statute. *Id.* at ¶ 13. The scheme enacted by the General Assembly in S.B. 2 stands in contrast to a system in which trial judges may impose any sentence *not prohibited* by statute. *See id.*

{¶ 20} The Revised Code is silent as to whether a community-control sanction imposed for one felony runs concurrently with or consecutively to a prison term imposed for another felony. We have previously held, however, that a sentence consisting of community-control sanctions for one offense may run concurrently with a prison term imposed for a separate offense. *Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, at ¶ 1. This holding in *Paige* is consistent with the scheme set forth in the Revised Code, in which trial courts are given express authorization to impose a prison term for one offense and community-control sanctions for another offense.

**{¶ 21}** The general principle set forth in the Revised Code is that concurrent sentences are the default and consecutive sentences are the exception. This general principle is consistent with the rule of lenity, R.C. 2901.04(A). *See State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38 ("The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous"). R.C. 2929.41(A), for example, provides that prison terms, jail terms, and sentences of imprisonment "shall be served concurrently" unless a statutory exception provides otherwise. One of those exceptions is found in R.C. 2929.14(C)(4), which authorizes trial courts to run multiple prison terms consecutively if they make certain findings.

**{¶ 22}** The existence of R.C. 2929.15(A)(1) further illustrates the general principle that consecutive sentences are the exception rather than the general rule. Under R.C. 2929.15(A)(1), if a trial court imposes a community-control sanction in addition to a mandatory prison term for a third- or fourth-degree felony offense of operating a vehicle while under the influence, then the community-control sanction must be served consecutively to the prison term. Thus, when read in the light of this court's decision in *Anderson*, R.C. 2929.41(A) and 2929.15(A)(1) support the proposition that consecutive sentences may be imposed only when the Revised Code specifies that sentences may or must be imposed consecutively.

**{¶ 23}** Although R.C. 2929.13(A) grants trial courts broad discretion to "impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code," the sentencing discretion of trial courts is not unfettered. It is true that trial courts may impose either a prison term or community-control sanctions on certain felony offenses, including the ones at issue in this case. It is also true that the Revised Code does not *prohibit* trial courts from imposing community-control sanctions on one felony to be served consecutively to a prison term imposed on another felony. But this does not mean

8

that trial courts are *authorized* to impose such consecutive terms. Absent express statutory authorization for a trial court to impose the increased penalty of consecutive sentences, the trial court must follow the default rule of running the sentences concurrently.

{¶ 24} Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. We accordingly answer the certified-conflict question in the negative and conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

### III. Conclusion

{¶ 25} We conclude that pursuant to our decision in *Paige*, there is no statutory basis for ordering that an offender be assessed for placement in a CBCF after that offender's completion of a prison term imposed for another offense in that case. We also answer the certified-conflict question in the negative and conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. We accordingly reverse the judgment of the Fifth District Court of Appeals and remand this case to the trial court for resentencing consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., concurs in judgment only.

DONNELLY, J., concurs in judgment only, with an opinion.

STEWART, J., concurs in judgment only, with an opinion.

DEWINE, J., concurs in part and dissents in part, with an opinion joined by KENNEDY and FRENCH, JJ.

_____

**DONNELLY, J., concurring in judgment only.**

**{¶ 26}** I write separately to emphasize that we are missing a golden opportunity to provide clear guidance to trial courts. The lead opinion properly explains that a court sentencing a defendant on multiple felony counts must initially determine the limits of its discretion, then consider statutory presumptions and preferences as well as relevant aggravating and mitigating factors. The lead opinion misses the mark, however, when it ignores the necessity for the court, while considering the purposes of felony sentencing under R.C. 2929.11 and 2929.12, to address a threshold question: whether the defendant is amenable to community-control sanctions.

**{¶ 27}** A defendant is either amenable to community-control sanctions or not; he or she cannot be both amenable and not amenable. If a defendant is amenable to community-control sanctions, then the court may retain jurisdiction over the defendant and place one or more of an array of restrictions on the defendant to effectuate Ohio's statutory sentencing principles. *See* R.C. 2929.15 through 2929.18. If the defendant is not amenable to community-control sanctions, then the court must impose a sentence of confinement, the length of which the court determines, in its discretion, as will best effectuate Ohio's sentencing principles. R.C. 2929.12(A). Upon sentencing, the court's jurisdiction over the individual comes to an end. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. The defendant's eventual reentry into society is governed by R.C. 2967.28, the postrelease-control statute.

**{¶ 28}** A review of the record in this case makes it readily apparent what the trial court was attempting to accomplish by imposing the sentence it did. The trial court, faced with appellant, Jeffery Hitchcock, a defendant who had committed multiple and very serious offenses, after considering the facts of the case and the

10

purposes of felony sentencing, concluded that a 15-year sentence was necessary to protect the public, to punish Hitchcock, and to set him on a course toward rehabilitation. In an effort to provide the public with an even greater level of protection, the trial court wanted to retain jurisdiction on Count Three, so that after completion of Hitchcock's prison terms, the court would be able to oversee his reentry into society by placing him in a community-based correctional facility. This oversight would have been in addition to that of the Adult Parole Authority, which would by law be assigned to oversee Hitchcock's postrelease control. *See* R.C. 2967.28(D) through (F). The trial court's sentence in this case, however well intentioned, is not permitted under Ohio's sentencing scheme.

{¶ 29} After finding that a defendant is not amenable to community-control sanctions at a sentencing hearing, the only mechanism by which a sentencing court may regain jurisdiction over the defendant is by granting judicial release pursuant to statute. *See* R.C. 2929.20. If trial courts were able to oversee defendants' reentry into society by placing them in community-based correctional facilities after completion of their prison terms, it would create an administrative quagmire. It would force the Ohio Department of Rehabilitation and Correction to effectuate postrelease control while also returning the defendant to the court's jurisdiction for imposition of community-control sanctions.

{¶ 30} The statutory scheme does not allow defendants to be both amenable to community control and not amenable to community control. I would flatly inform trial courts of this and not wait until the next case to do so. Accordingly, I concur in judgment only.

_____

**STEWART, J., concurring in judgment only.**

{¶ 31} I concur only in the lead opinion's conclusion that there is no specific statutory authorization for a sentencing judge to impose community-control

sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

{¶ 32} R.C. 2929.13(A) does not support the proposition that a sentencing judge may order a term of community control imposed on one felony count to run consecutively to a prison term imposed on another felony count. R.C. 2929.13(A) states that "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." The words "sentence" and "felony" are written in the singular. This wording is consistent with the idea that "[a] sentence is the sanction or combination of sanctions imposed for each *separate, individual offense*" (emphasis added), *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus. Thus, R.C. 2929.13(A) does nothing more than authorize a sentencing judge to impose a combination of sanctions on a *single* felony count—for example, to impose both a prison term and a financial sanction. *See, e.g.*, R.C. 2929.18(A) ("the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section"). R.C. 2929.13(A) says nothing about whether the judge may order sanctions imposed on one count to be served consecutively to a sanction imposed on another count.

{¶ 33} Some, including the author of the opinion concurring in part and dissenting in part, have argued that one cannot serve a term of community control while one is serving a prison term. *See, e.g.*, *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 49 (8th Dist.) (Boyle, J., dissenting). But that is not true: in *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 1, this court unanimously determined that a five-year term of community control was properly ordered to run concurrently with a 42-month prison term. And the concurring and dissenting opinion's reliance on R.C. 2929.15(A) for the proposition that a term of

community control would be stayed anyway if an offender is serving a concurrent prison term is misplaced. That provision states:

> If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

R.C. 2929.15(A)(1).

{¶ 34} The language "while under a community control sanction" means that the provision applies only to offenders who are serving a term of community control and are then confined in any institution for having committed an offense while still under that community-control sanction. By stating that the term of community control "ceases" upon subsequent confinement for another offense, R.C. 2929.15(A) makes clear that it applies to offenders who are already serving a term of community control. Because of this, R.C. 2929.15(A) gives no support to the proposition that the term of community control imposed in this case would not start to run until a prison term imposed on another count is completed.

{¶ 35} Finally, the argument made in the concurring and dissenting opinion that our holding today limits a sentencing judge's discretion under R.C. 2929.11(A) ignores the well-established principle that a sentencing judge's discretion exists only to the extent that it has been provided by the legislature. *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 12 ("the authority for a trial court to impose sentences derives from the statutes enacted by the General

Assembly"). Of course, a sentencing judge has discretion to impose a prison term on one count and community control on another count. The legislature has not, however, specifically authorized the imposition of a term of community control on one count to run consecutively to a prison term imposed on another count. We cannot limit discretion that does not exist.

_____

**DEWINE, J., concurring in part and dissenting in part.**

{¶ 36} Under the plain terms of Ohio's sentencing statutes, a trial court is authorized to impose on one count a term of imprisonment and on another count a term of community control that commences upon an offender's release from prison. The lead opinion, however, ignores the plain language of the statutes and imposes new limits on a trial court's ability to craft an appropriate sentence. As a consequence, I must dissent from the part of the lead opinion that concludes a trial judge may not impose a community-control sanction to be served following a prison term.

{¶ 37} In determining whether a sentence has been authorized by statute, we must start with R.C. 2929.13(A). That provision provides that "a court that imposes a sentence upon an offender for a felony may impose *any sanction* or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." (Emphasis added.) Here, Jeffery Hitchcock was convicted of violating R.C. 2907.04, a third-degree felony. For such a violation, R.C. 2929.14(A)(3)(a) authorizes the trial court to impose a prison term of up to 60 months and R.C. 2929.15(A)(1) authorizes the trial court to impose a term of community-control sanctions of up to five years. In my view, when R.C. 2929.13(A) says that a trial court may impose any sanction, it means the court may impose any sanction. Thus, for *each* of the three felony counts, the trial court was authorized to impose any of the sanctions authorized by R.C. 2929.14 and 2929.15. Accordingly, the trial court acted within its statutory authority when it imposed 60-

month prison terms for two of the offenses and a five-year community-control sanction for the other.

{¶ 38} The lead opinion acknowledges that "trial courts may impose either a prison term or community-control sanctions on certain felony offenses, including the ones at issue in this case." Lead opinion at ¶ 23. Nevertheless, the lead opinion concludes that the community-control sentence that Hitchcock received is impermissible because the trial court directed that it be served consecutively to his prison terms. *Id.* at ¶ 24.

{¶ 39} But, of course, one cannot serve a term of "community" control while one is in prison. By definition, a community-control sanction "is not a prison term." R.C. 2929.01(E); *see State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 49 (8th Dist.) (Boyle, J., dissenting) ("It is axiomatic that an offender cannot serve a sentence of community control sanctions while in prison" [emphasis deleted]). Indeed, by statute, a term of community control is stayed while an offender is in prison: "[I]f the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action." R.C. 2929.15(A). Thus, it is irrelevant that in this case the trial judge explicitly labeled the sentences as consecutive. A trial judge is permitted to sentence an offender to prison on one count and community control on another, and the community-control sanction will necessarily not start to run until after the prison term is complete.

{¶ 40} Today's lead opinion is hard to reconcile with our recent decision in *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800. There we dealt with a five-year sentence of community control that the sentencing judge ordered to run concurrently with a 42-month prison term. *Id.* at ¶ 3. Contrary to the suggestion of the second opinion concurring in judgment only, this does not mean that the defendant served "community control" while in prison. *See* opinion

concurring in judgment only, Stewart, J., at ¶ 33. To do so would be impossible—one cannot be "under the general control and supervision of a department of probation," R.C. 2929.15(A)(2)(a), while held in prison. Rather, the clear intent of the sentence imposed in *Paige* was that the defendant serve 42 months in prison and after the completion of that time, serve an additional 18 months of community control. While the sentencing judge in *Paige* labeled the sentence as a concurrent term of community control and prison, the same result could have been achieved by labeling the sentence as an 18-month term of community control to be served consecutively to a 42-month prison term. One wonders how the lead opinion can conclude that such a sentence is okay if the first label is attached but not the second.

{¶ 41} In saying that it is applying the "default rule" that sentences run concurrently the lead opinion plays fast and loose with statutory text. Lead opinion at ¶ 23. The primary source cited by the lead opinion for such a "default rule" is R.C. 2929.41(A). That provision states that unless certain statutory exceptions apply, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with *any other prison term, jail term, or sentence of imprisonment.*" (Emphasis added.) By its terms, then, the lead opinion's "default rule" should apply only to sentences of imprisonment, not community-control sentences that do not include sentences of imprisonment.

{¶ 42} As "further illustrat[ion]" of its default rule, the lead opinion cites R.C. 2929.15(A)(1). Lead opinion at ¶ 22. That provision, however, simply authorizes a trial court in certain circumstances to impose both a prison term and a community-control sanction for a single driving-while-under-the-influence offense and specifies that in such an instance the prison term shall be served first. The provision does nothing more than establish a special rule allowing multiple punishments for a *single* violation and specify the order in which the punishments shall be served. The lead opinion's suggestion that this provision supports its so-called default rule defies reason.

**{¶ 43}** The lead opinion also looks to the rule of lenity to justify its default rule. *Id.* at ¶ 21. But it is hard to see how the rule of lenity supports a rule that would allow a trial court to impose consecutive prison terms but not replace one of those prison terms with a term of community control.

**{¶ 44}** Indeed, not only is the lead opinion's proposed rule at odds with the rule of lenity, but it also undercuts the guidance provided by R.C. 2929.11(A):

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender *using the minimum sanctions that the court determines accomplish those purposes* without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(Emphasis added.)

**{¶ 45}** Under the lead opinion's proposed rule, however, a court would not always be able to impose "the minimum sanctions" necessary to protect the public and punish the offender. Take this case, for example: under the lead opinion, on remand, the trial court may not impose a community-control sanction to run after completion of the two consecutive 60-month prison terms, yet it would be perfectly okay for the court to impose a third consecutive 60-month prison term. Never mind that the trial judge has already found that community control, not prison, is the

minimum sanction necessary to accomplish the purposes of felony sentencing as to the third count.

{¶ 46} The result reached by the lead opinion also runs contrary to our holding in *State v. Saxon* that "a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense," 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Under the lead opinion, there would be no opportunity for the trial court in a case like this to consider each offense individually: once the trial court has decided to impose a prison term on one offense, the court would no longer be able to consider whether a community-control sanction (which will necessarily commence after the prison term) is appropriate for another offense.

{¶ 47} The first concurrence follows the same flawed logic in arguing that a trial judge cannot impose a prison sentence on one count and community control on another count because in sentencing the defendant to prison, the judge will have already determined that the defendant is not amenable to community control. Opinion concurring in judgment only, Donnelly, J., at ¶ 27. This, of course, ignores both our holding in *Saxon* and the requirement that the judge impose the minimum sanctions necessary to achieve the goals of felony sentencing. *See* R.C. 2929.11(A). In imposing a community-control sanction that follows a prison term, the trial court will necessarily consider whether a term of community control is appropriate *after* the prison term has been served. Contrary to what the concurrence suggests, there is nothing in our sentencing statutes that limits the ability of a trial court to impose such a combination of sentences.

{¶ 48} The end result of the lead opinion today would be to limit the discretion of trial judges to craft sentences that minimize the amount of prison time that offenders must serve. There are certainly situations in which a trial judge after exercising his or her considered judgment might determine that rather than impose a lengthy prison term, a more modest prison term followed by community control

would be appropriate. Such a period of supervision might be helpful to ensure that the offender continues to pursue substance-abuse or mental-health treatment, to maintain a stay-away order from the crime victim, to ensure that restitution is paid, or for a myriad of other reasons. But the result of the lead opinion would be that these options are off the table. The only option left for the judge who does not believe that a modest prison term is sufficient would be to add more prison time.

{¶ 49} And all that is too bad. The legislature has given us a statute allowing a trial judge to impose the sentence—be it probation or prison—that the judge finds is appropriate for each offense. *See* R.C. 2929.13(A), 2929.14(A), and 2929.15(A). The legislature has also directed trial judges to impose the minimum sanctions that are necessary to protect the public and prevent future crime. R.C. 2929.11(A). These seem like good rules—I don't know why this court would choose to make up its own.

{¶ 50} I do agree with the lead opinion on one point though. Under our decision in *Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, the portion of the community-control sanction that ordered Hitchcock to be assessed for possible placement in a community-based correctional facility ("CBCF") should be vacated. R.C. 2929.41(A) explicitly provides that a prison term, jail term, or sentence of imprisonment shall be served concurrently unless a specific exception applies. Because a sentence to a CBCF is a sentence of imprisonment and no specific exception applies, Hitchcock may not be sentenced to a CBCF term to be served consecutively to his prison terms.

{¶ 51} Thus, I would answer the certified question in the affirmative and modify Hitchcock's sentence to remove the provisions relating to the CBCF assessment. Because the lead opinion sees it otherwise, I respectfully dissent in part.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

_____

R. Kyle Witt, Fairfield County Prosecuting Attorney, and Mark A. Balazik, Assistant Prosecuting Attorney, for appellee.

Parks and Meade, L.L.C., and Darren L. Meade, for appellant.

_____