[Cite as *State v. Murphy*, 2020-Ohio-453.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| AUDIE MURPHY, | : | | Case No. 2019 CA 0066 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Richland County
                                                                    Court of Common Pleas, Case No.
                                                                    2018-CR-29

JUDGMENT:                                            Reversed and Remanded

DATE OF JUDGMENT:                            February 10, 2020

APPEARANCES:

For Plaintiff-Appellee                               For Defendant-Appellant

GARY BISHOP                                        DARIN AVERY
Prosecuting Attorney                               105 Sturges Avenue
Richland County                                       Mansfield, Ohio 44903

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1} Defendant-appellant Audie Murphy appeals his sentence from the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 17, 2018, the Richland County Grand Jury indicted appellant on one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fifth degree, and one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the third degree. At his arraignment on September 25, 2018, appellant entered a plea of not guilty to the charges. Appellant was appointed counsel.

{¶3} On November 5, 2018, appellant's counsel filed a Motion to Withdraw. Pursuant to an Entry filed on November 7, 2018, the motion was granted and new counsel was appointed.  On January 10, 2019, a bench warrant was issued for appellant's arrest after his bond was revoked. Appellant was arrested shortly thereafter. On February 27, 2019, appellant was released due to jail overcrowding. Another bench warrant was issued for appellant's arrest after his bond was revoked.

{¶4} As memorialized in a Judgment Entry filed on April 16, 2019 appellant entered a plea of guilty to both counts. Sentencing was scheduled for June 3, 2019 and was later rescheduled to June 10, 2019. After appellant failed to appear for sentencing, a bench warrant was issued.  On June 28, 2019, appellant appeared with counsel and was sentenced to twelve months on Count One and to a sentence of thirty-six months of community control on Count Two. At the sentencing hearing, appellant's counsel had argued that the two offenses were allied offenses of similar import.  The trial court, in its

July 2, 2019 Entry, ordered that the thirty-six months of community control was "to begin after prison term."

{¶5}    Appellant now appeals, raising the following assignments of error on appeal:

{¶6}    "I. THE TRIAL COURT ERRED BY FAILING TO MERGE THE ALLIED OFFENSES OF SIMILAR IMPORT CONTRARY TO R.C. 2941.25(A)."

{¶7}    "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING AN ELEVATED SENTENCE FOR MR. MURPHY'S FAILURE TO APPEAR AT HIS ORIGINAL SENTENCING DATE."

I

{¶8}    Appellant, in his first assignment of error, argues that the trial court erred in failing to merge allied offenses of similar import contrary to R.C. 2941.25(A). Appellant argues that his sentence was contrary to law.

{¶9}    In the case sub judice, appellant was sentenced to twelve months in prison on Count One. The trial court, in its Entry, ordered that appellant's thirty-six month community control sentence on Count Two was to "begin after prison term."

{¶10}    We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1. An appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as

the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217 ¶ 1.

**{¶11}** In *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, at ¶ 24 the Ohio Supreme Court held as follows:

Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. We accordingly * * * conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

**{¶12}** To the extent that appellant argues that his sentence was contrary to law, we sustain, albeit for different reason, appellant's first assignment of error. We conclude that in the instant case, the trial court was not authorized to impose a term of community control consecutive to a term of imprisonment. Appellant's sentences are reversed and vacated, and this matter is remanded to the trial court for further proceedings.

**{¶13}** Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing consistent with this opinion. *Hitchcock*, supra, 2019-Ohio-3246 at ¶ 25.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.