[Cite as *State v. Beaver*, 2020-Ohio-751.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00024 |
| | : | |
| JAMES BEAVER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Fairfield County Court of Common Pleas, Case No. 2018 CR 0731

JUDGMENT: REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY: February 28, 2020

APPEARANCES:

For Plaintiff-Appellee:

R. KYLE WITT
FAIRFIELD COUNTY PROSECUTOR

BRIAN T. WALTZ
239 West Main St., Suite 101
Lancaster, OH 43130

For Defendant-Appellant:

JAMES A. ANZELMO
446 Howland Dr.
Gahanna, OH 43230

*Delaney, J.*

{¶1}   Defendant-Appellant James Beaver appeals the March 8, 2019 judgment entry of sentence by the Fairfield County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   The underlying facts are unnecessary for the disposition of this appeal.

{¶3}   On March 4, 2019, Defendant-Appellant James Beaver entered a plea of guilty to (1) aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(2) and (B); (2) rape, a first-degree felony in violation of R.C. 2907.02(A)(2) and (B), with a firearm specification; (3) kidnapping, a first-degree felony in violation of R.C. 2905.01(B)(2) and (C)(1); (4) violating a protection order, a third-degree felony in violation of R.C. 2919.27(A)(2) & (B)(4); and (5) inducing panic, a fifth-degree felony in violation of R.C. 2917.31(A)(3) & (C)(4)(a).

{¶4}   The State and Beaver jointly recommended a prison sentence of ten years.

{¶5}   Via judgment entry of sentence filed on March 8, 2019, the trial court found Beaver guilty on all charges. The trial court sentenced Beaver to four years in prison for aggravated burglary, six years in prison for rape with a firearm specification, four years in prison for kidnapping, 5 years (tolled) and 36 months reserved of community control for violating a protection order, and five years (tolled) and 12 months reserved of community control for inducing panic. The four-year prison term for kidnapping was to be served concurrently with the prison term for aggravated burglary. The trial court stated at the sentencing hearing, "[a]s to Counts 5 [violating a protection order] and 6 [inducing panic], the Court sentences you directly to community control supervision for a period of five

years, beginning upon your release from imprisonment as to Counts 1, 2 and 3." (T. 37-38). In addition to the standard terms and conditions of community control supervision, the trial court required Beaver be evaluated for potential admission into a residential mental health treatment facility. (T. 38). The sentencing entry stated as to consecutive sentences:

> Counts 1 [aggravated burglary] and the 3 year firearm specification attached to Count 2 [rape] are consecutive for a total imposed sentence of 10 years. The reserved sentence on Counts 5 [violating a protection order] and 6 [inducing panic], if imposed, are consecutive to each other and consecutive to Counts 1 and 2.

(March 8, 2019 Judgment Entry of Sentence).

{¶6} Beaver now appeals the March 8, 2019 sentencing entry.

## ASSIGNMENT OF ERROR

{¶7} Beaver raises one Assignment of Error:

{¶8} "THE TRIAL COURT ERRED BY ORDERING JAMES BEAVER TO SERVE HIS PRISON SENTENCE CONSECUTIVE TO HIS COMMUNITY CONTROL SENTENCE, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

## ANALYSIS

{¶9} In Beaver's sole Assignment of Error, he argues the trial court erred when it imposed a term of community control on two felony offenses to be served consecutively to a term of imprisonment imposed on three different felony offenses. Beaver contends

his sentence was not authorized by law pursuant to *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164. We agree.

{¶10} This Court has previously approved sentences in which a trial court imposed community control consecutive to a prison term. In *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, the defendant pleaded guilty to three counts of unlawful sexual conduct with a minor, third-degree felonies in violation of R.C. 2907.04(A) and (B)(3). The trial court ordered the defendant to serve a five-year prison term on two counts, with each term to be served consecutively to the other. On the third count, the trial court ordered the defendant to serve a five-year term of community control to be served consecutively to the prison term. Upon the defendant's appeal of his sentence, we affirmed the trial court's imposition of sentence. We certified that our judgment in *Hitchcock, supra*, 2017-Ohio-8255, was in conflict with decisions from the Eighth and Twelfth appellate districts. The Ohio Supreme Court determined a conflict existed and it accepted the cause.

{¶11} The certified conflict issue before the Ohio Supreme Court was whether a trial court could impose community control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count. In *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, the Court answered the question in the negative and concluded that "unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count." *Id.* at ¶ 24. It found that no provision of the Revised Code authorized trial court to impose community control

sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *Id.*

{¶12} Beaver and the State jointly recommended a prison term of ten years. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Beaver contends his sentence to community control consecutive to his prison term is not authorized by law pursuant to *Hitchcock, supra,* 2019-Ohio-3246, nor did the defendant and prosecution jointly recommend community control.

{¶13} The State concedes the trial court erred in sentencing Beaver to a term of community control to be served consecutively to a term of imprisonment under the authority of *Hitchcock, supra*, 2019-Ohio-3246.

{¶14} We find pursuant to the Ohio Supreme Court's decision in *Hitchcock, supra*, 2019-Ohio-3246, the trial court was not authorized to impose a term of community control for the felony offenses of violating a protection order and inducing panic consecutive to a term of imprisonment imposed for the felony offenses of aggravated burglary, rape, and kidnapping. Beaver's sentence as to community control is reversed and vacated, and this matter is remanded to the trial court for further proceedings.

{¶15} Beaver's sole Assignment of Error is sustained.

**CONCLUSION**

{¶16} The judgment of the Fairfield County Court of Common Pleas is reversed, and the matter is remanded to the trial court for resentencing consistent with this Opinion and law. *Hitchcock, supra*, 2019-Ohio-3246 at ¶ 25.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.