[Cite as *State v. Grabovich*, 2020-Ohio-2730.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00042 |
| | : | |
| JASON GRABOVICH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Court
                            of Common Pleas, Case No. 2004 CR
                            0280


JUDGMENT:                   REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:     April 29, 2020


APPEARANCES:

For Plaintiff-Appellee:              For Defendant-Appellant:

R. KYLE WITT                         THOMAS R. ELWING
FAIRFIELD COUNTY PROSECUTOR          60 West Columbus Street
                                     Pickerington, OH 43147
R. KYLE WITT
239 West Main St., Suite 101
Lancaster, OH 43130

*Delaney, J.*

{¶1} Defendant-Appellant Jason Grabovich appeals the August 8, 2019 judgment revoking community control and imposing a prison sentence as entered by the Fairfield County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The underlying facts are unnecessary for the disposition of this appeal.

{¶3} Grabovich has succinctly set forth the procedural history of this case, as well as two other companion cases, as follows.

{¶4} There are three case numbers from the same trial court which are relevant to this appeal: Case Nos. 2004-CR-238, 2004-CR-280 and 2013-CR-135. This appeal, however, involves only Case No. 2004-CR-280 where the trial court imposed a prison term for violations of community control. Grabovich has served the entire prison terms imposed in Case Nos. 2004-CR-238 and 2013-CR-135.

{¶5} On December 29, 2004, Grabovich entered guilty pleas to seven counts of burglary, all felonies of the second degree in violation of R.C. 2911.12(A)(2). The seven counts of burglary involved two separate indictments. In Case No. 2004-CR-238, a guilty plea was entered to one count of burglary. In Case No. 2004-CR-280, guilty pleas were entered to six counts of burglary.

{¶6} Via Judgment Entry filed on January 6, 2005, the trial court imposed a four-year prison term for the one count of burglary in Case No. 2004-CR-238, to be served consecutive to the sentence imposed in Case No. 2004-CR-280.

{¶7} Via a Nunc Pro Tunc Entry filed on January 13, 2005, the trial court imposed a four-year prison term on each of the six burglary counts (counts one, two, three, four,

eight and nine) to run consecutive to each other and consecutive to the aforementioned sentence imposed in 2004-CR-238. However, the trial court further ordered that as to counts two, three, four, eight and nine: Grabovich was to serve a five-year community control sanction which was to begin upon his release from prison as to count one.

{¶8}　Grabovich completed the eight-year prison sentence and was serving his term of community control sanctions, when on March 1, 2013, the Fairfield County Grand Jury returned an indictment in Case No. 2013-CR-135 alleging two counts of aggravated robbery as felonies of the first-degree in violation of R.C. 2911.01(A)(1) and 2911.01(A)(2). Both counts of aggravated robbery also charged a firearm specification with a three-year mandatory prison term under R.C. 2941.145. On November 13, 2013, Grabovich entered a guilty plea to one of the counts of aggravated robbery with a firearm specification. The second count was dismissed. The trial court imposed a three-year prison term for the aggravated robbery offense plus a consecutive three-year term on the firearm specification for a total prison sentence of six year.

{¶9}　On November 27, 2013, Grabovich appeared before the trial court for resentencing in Case No. 2004-CR-238 and 2004-CR-280. The trial court followed the joint recommendation by the state and defense for resentencing. In Case No. 2004-CR-238, the trial court imposed the same four-year prison term originally ordered in 2004 and gave credit for Grabovich having already served the entire sentence. In Case No. 2004-CR-280, the trial court again imposed a four-year prison term on one count of burglary and gave credit for Grabovich having already served this entire sentence as well. For the remaining five counts of burglary in Case No. 2004-CR-280, the trial court again placed Grabovich on five years of community control and suspended the imposition of

consecutive four-year prison terms on each count. The trial court ordered that the five-year term of community control would begin after Grabovich completed the six-year term he received in Case No. 2013-CR-135.

{¶10} After serving his sentence in Case No. 2013-CR-135, Grabovich began serving the community control sanction as to count two in Case No. 2004-CR-280. However, a motion to revoke community control was subsequently filed. Via Judgment Entry, filed on August 8, 2019, the trial court revoked community control and imposed the four-year term previously ordered on count two. Additionally, the trial court ordered Grabovich to remain on community control as to counts three, four, eight and nine, but tolled these periods of supervision while he serves the sentence imposed on count two.

{¶11} Grabovich now appeals the August 8, 2019 sentencing entry.

**ASSIGNMENT OF ERROR**

{¶12} Grabovich raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE SENTENCE PLACING APPELLANT ON COMMUNITY CONTROL SANCTIONS WAS NOT AUTHORIZED BY STATUTE AND WAS THEREFORE VOID."

**ANALYSIS**

{¶14} In Grabovich's sole Assignment of Error, he argues the trial court erred when it imposed a term of community control to be served consecutively to a term of imprisonment. Grabovich contends his sentence was not authorized by law pursuant to *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164. We agree.

{¶15} This Court has previously approved sentences in which a trial court imposed community control consecutive to a prison term. In *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, the defendant pleaded guilty to three counts of unlawful sexual conduct with a minor, third-degree felonies in violation of R.C. 2907.04(A) and (B)(3). The trial court ordered the defendant to serve a five-year prison term on two counts, with each term to be served consecutively to the other. On the third count, the trial court ordered the defendant to serve a five-year term of community control to be served consecutively to the prison term. Upon the defendant's appeal of his sentence, we affirmed the trial court's imposition of sentence. We certified that our judgment in *Hitchcock*, *supra*, 2017-Ohio-8255, was in conflict with decisions from the Eighth and Twelfth appellate districts. The Ohio Supreme Court determined a conflict existed and it accepted the cause.

{¶16} The certified conflict issue before the Ohio Supreme Court was whether a trial court could impose community control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count. In *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, the Court answered the question in the negative and concluded that "unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count." *Id.* at ¶ 24. It found that no provision of the Revised Code authorized trial court to impose community control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *Id.*

{¶17} The State concedes the trial court erred in sentencing Grabovich to a term of community control to be served consecutively to a term of imprisonment under the authority of *Hitchcock, supra*, 2019-Ohio-3246.

{¶18} We find pursuant to the Ohio Supreme Court's decision in *Hitchcock, supra*, 2019-Ohio-3246, the trial court was not authorized to impose a term of community control on one or more felony counts of burglary to be served consecutively to a term of imprisonment imposed on one or more other felony counts of burglary. Grabovich's August 8, 2919 sentence revoking community control is reversed and vacated, and this matter is remanded to the trial court for further proceedings.

{¶19} Grabovich's sole Assignment of Error is sustained.

## CONCLUSION

{¶20} The judgment of the Fairfield County Court of Common Pleas is reversed, and the matter is remanded to the trial court for proceedings consistent with this Opinion and law. *Hitchcock, supra*, 2019-Ohio-3246 at ¶ 25.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.