[Cite as *State v. Williams*, 2020-Ohio-6782.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos. L-19-1220
                                                                          L-19-1221
      Appellee

                                                 Trial Court Nos.  CR0201901891
v.                                                                  CR0201901135

Homer L. Williams, III                           **DECISION AND JUDGMENT**

      Appellant                       Decided:  December 18, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Misty Wood, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal, appellant, Homer L. Williams, III, appeals the

August 12, 2019 judgments of the Lucas County Court of Common Pleas sentencing him

to 12 months in prison in case No. CR0201901891 and to a term of 5 years of community

control in case No. CR0201901135, but to be served consecutive to the prison term in

case No. CR0201901891.

{¶ 2} He presents a single assignment of error for review by this court:

THE TRIAL COURT ERRED IN FINDING THAT COMMUNITY CONTROL WAS ADEQUATE FOR ONE OFFENSE AND IMPOSING JAIL TIME FOR THE OTHER OFFENSE.

{¶ 3} The following facts are pertinent to this appeal. On January 24, 2019, Williams was indicted by a Lucas County Grand Jury for violating R.C. 2911.12(A)(2) and (D), burglary, a second-degree felony that was to have occurred on the 13th day of September 2018, in case No. CR0201901135.

{¶ 4} Then on May 21, 2019, Williams was indicted for violating R.C. 2903.11(A)(1) and (D), felonious assault, a second-degree felony, which was to have occurred on the 11th day of May 2019, in case No. CR0201901891.

{¶ 5} On August 9, 2019, appellant pled guilty pursuant to *North Carolina v. Alford* to an amended charge in case No. CR0201901891 of attempt to commit felonious assault, in violation of R.C. 2923.02 and 2903.11(A)(1) and (D), a felony of the third degree. He was then sentenced to a prison term of 12 months, followed by 3 years of mandatory postrelease control.

{¶ 6} On that same day, appellant pled guilty pursuant to *North Carolina v. Alford* to an amended charge in case No. CR0201901135 of burglary, in violation of R.C. 2911.12(A)(3) and (D), a felony of the third degree. He was sentenced to a term of five years of community control. This sentence was to be served consecutive to the prison sentence imposed in case No. CR0201901891.

2.

{¶ 7} We review sentencing challenges under R.C. 2953.08(G)(2). Pursuant to that statute, an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 8} Appellant does not dispute that any of the sentences imposed in either case were not within the statutory range pursuant to R.C. 2929.14(A)(2)(b).

{¶ 9} He also does not claim that either of the individual sentences imposed in each count in each case are not commensurate with the principles and purposes of felony sentencing under R.C. 2929.11 or 2929.12.

{¶ 10} Appellant does argue that the two felony counts, each being a felony of the third degree, involved common questions of law and fact and the sentences therefore should be similar. However, appellant is mistaken in these assumptions. The charges occurred on separate dates months apart with separate victims and are not similar offenses. One offense involves violence.

{¶ 11} The trial court did find that Williams was "not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11" when imposing a prison sentence in CR0201901891. The court further found that a non-prison sanction

3.

will adequately punish the defendant and protect the public because there is less likelihood of recidivism and a non-prison sanction does not demean the seriousness of the offense because factors decreasing seriousness outweigh those increasing seriousness" in CR0201901135.

{¶ 12} Therefore, we find that imposition of these individual sentences is supported by the record and we further cannot find that these sentences are clearly and convincingly contrary to law.

{¶ 13} Nevertheless, procedurally, the facts herein are substantially similar to those presented in *State v. Hitchcock*, 2019-Ohio-3246, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164. In that case, the Supreme Court was presented with a certified-conflict question whether a trial court may impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count. The court answered in the negative.

{¶ 14} The court further held:

that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *Id*. at ¶ 25.

{¶ 15} The court pointed out that the Revised Code does not prohibit trial courts from imposing community-control sanctions on one felony to be served consecutively to a prison term imposed on another felony. But this does not mean that trial courts

4.

are authorized to impose such consecutive terms. Absent express statutory authorization for a trial court to impose the increased penalty of consecutive sentences, the trial court must follow the default rule of running the sentences concurrently. *Id.* at ¶ 23.

{¶ 16} Accordingly, we reverse the trial court's sentencing decision in case No. CR0201901135 with respect to it being served consecutively to the sentence imposed in case No. CR0201901891.

{¶ 17} We therefore find appellant's sole assignment of error to be well-taken in part and remand this matter back to the trial court for resentencing consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.