[Cite as *State v. Mynatt*, 2025-Ohio-4474.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115107 |
| v. | : | |
| DONALD MYNATT, III, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** September 25, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-695091-A, CR-24-695144-A, and CR-24-695281-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Thomas Rovito, Assistant Prosecuting Attorney, *for appellee*.

Edward M. Heindel, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Donald Mynatt, III, appeals from the judgments of convictions in the following three criminal cases: CR-24-695091-A, CR-24-695144-A, and CR-24-695281-A. For the reasons that follow, we vacate the sentence in CR-24-695091-A and remand for resentencing on that case.

{¶ 2} In CR-24-695091-A, Mynatt pled guilty to one count of attempted domestic violence; in CR-24-695144-A, Mynatt pled guilty to one count of failure to stop after an accident; and in CR-24-695281-A, Mynatt pled guilty to one count of failure to comply with an order or signal of a police officer. All the charges Mynatt pled guilty to were felonies.

{¶ 3} In CR-24-695091-A, the trial court sentenced Mynatt to community-control sanctions, which included placement in a community-based correctional facility. In CR-24-695144-A, the trial court sentenced Mynatt to a three-year prison term. In CR-24-695281-A, the trial court also sentenced Mynatt to a three-year prison term. The court ordered the prison terms to be served consecutively to each other. The court further ordered that Mynatt's community-control sanctions in CR-24-695091-A commence after the completion of his prison sentences in the other two cases; that is, after Mynatt served his six-year prison term, he would be transferred to the county jail to await placement in a community-based correctional facility. Mynatt appeals, raising the following sole assignment of error for our review:

> The trial court committed reversible error by imposing a community control sanction consecutive to a prison term, contrary to the Ohio Supreme Court's holding in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164.

{¶ 4} The State has filed a notice of conceded error, in which it concedes that the trial court erred. After review, we agree with the parties.

{¶ 5} Appellate review of felony sentences is governed by R.C. 2953.08(G)(2), which states that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21.

{¶ 6} In *Hitchcock*, 2019-Ohio-3246, the Supreme Court of Ohio considered "whether a trial court may impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count." *Id.* at ¶ 1. The Court answered no. *Id.* In *Hitchcock*, the defendant pled guilty to three counts of unlawful sexual conduct with a minor, which were not allied offenses of similar import because the crimes occurred on different dates. The trial court sentenced the defendant to two prison terms on two of the counts, to be served consecutively. On the third count, the trial court imposed a term of community-control sanctions, to be served consecutively to the prison terms on the other two counts. Under the terms of the community-control sanctions, the defendant was "to be assessed for potential placement in a community-based correctional facility . . . ." *Id.* at ¶ 5.

{¶ 7} The *Hitchcock* Court relied on its decision in *State v. Paige*, 2018-Ohio-813, in which the Court held that, absent a statutory exception under R.C. 2929.41, a trial court does not have authority to impose a community-based-correctional-facility term as a community-control sanction to be served consecutively to a prison term imposed on a separate offense. *Hitchcock* at ¶ 8, citing *Paige* at ¶ 13. The

exceptions under R.C. 2929.41 involve consecutive sentences for (1) misdemeanor offenses, (2) a sentence under Ohio law and another state, and (3) certain felony offenses. *See* R.C. 2929.41(B)(1)-(3). None of the exceptions apply to this case.

{¶ 8} Thus, on the authority of *Paige* and *Hitchcock*, the sentence in CR-24-695091-A was contrary to law.

{¶ 9} The sentence in CR-24-695091 is vacated, and the case is remanded for resentencing on that case.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing in CR-24-695091.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR